DOUCET, Judge.
On February 5,1988, the defendant, Flim Burchett, Jr., was convicted of possession of marijuana, fourth offense, a violation of La.R.S. 40:966(C) and (D). On February 10, 1988, the trial judge denied defendant’s motion for a new trial, and motion in arrest of judgment, and the defendant waived sentencing delays. Defendant was sentenced to serve nine years at hard labor, to run consecutively to any sentence defendant is now serving.
FACTS:
On the morning of June 26, 1987, Ken-. neth Hunter, an inmate at the Vernon Parish jail, told police officers that the defendant had smuggled marijuana into the jail. A search of the cell shared by Kenneth Hunter, David Williams, Kendall Wilson, and the defendant, turned up marijuana in David Williams’s mattress. The marijuana was in two envelopes, one of which bore Kendall Wilson’s name. Wilson gave a statement to police implicating the defendant. At 10:05 p.m. that same day, police officers went to defendant’s work location to arrest him. When defendant was arrested, marijuana was found in his possession. *1228 In fact, at the time of the arrest, defendant was trying to remove marijuana from his pockets and dropped it on to the floor.
Kendall Wilson testified that he saw the defendant leave his cell on June 26, 1987, with a bag of marijuana. Wilson also testified that there was additional marijuana in the cell, in David Williams’s possession, and that this marijuana came from the defendant.
ASSIGNMENT OF ERROR NUMBERS 1 and 2:
Defendant has failed to brief these issues, and expressly abandons them. Uniform Rules, Courts of Appeal 2-12.4; State v. Dewey, 408 So.2d 1255 (La.1982).
ASSIGNMENT OF ERROR NUMBER 3:
Defendant contends that the trial court erred in denying his motion in arrest of judgment because the bill of. information, filed against him, was defective in that he could not ascertain which of two possible offenses he was charged with. Defendant alleges that the result of this ambiguous bill of information is that he had to defend against two charges, and the jury had a choice of two charges to convict him of, all resulting in depriving him of his procedural due process rights.
The facts giving rise to this prosecution are as follows. At approximately 9:00 a.m. on June 26, 1987, Vernon Parish Jail inmate Kenneth Hunter told Officer Dewey Creasey that defendant has smuggled marijuana into the jail. A search of defendant’s cell revealed that marijuana was in the mattress lining of one of defendant’s cell-mate’s (David Williams) bed. The marijuana was in two envelopes, one of which was addressed to Kendall Wilson. Wilson gave a statement to police implicating the defendant. At 10:05 p.m. that same day, police officers went to arrest defendant. When defendant was arrested, marijuana was found in his possession. Kendall Wilson testified that he saw the defendant leave his cell on June 26, 1987, with a bag of marijuana. Wilson also testified that there was additional marijuana in their shared jail cell, in David Williams’s possession, and that this marijuana came from the defendant.
Defendant was charged, by bill of information, with one count of possession of marijuana, fourth offense. Defendant contends that the facts give rise to two possible counts, and that he was not notified of which count he was charged with.
The Sixth Amendment right of an accused to be informed of the nature and cause of the accusations against him is essential to: 1) apprise the defendant of what he must prepare to defend against; and 2) protect the defendant against double jeopardy. Gray v. Raines, 662 F.2d 569 (9th Cir.1981); Calley v. Calloway, 519 F.2d 184 (5th Cir.1975). The failure of the prosecution to give the defendant notice, in the information, of what is charged is sufficient to require a reversal of his conviction. Conviction of a defendant of a crime not charged is a violation of the Sixth Amendment and constitutes reversible error. U.S. v. Stewart Clinical Laboratory, Inc., 652 F.2d 804 (9th Cir.1981); U.S. v. Beeler, 587 F.2d 340 (6th Cir.1978).
This court does not agree that the facts and evidence adduced forced the defendant to defend against charges of which he was not aware, or gave the jury a choice of two charges from which to convict the defendant. The marijuana seized from David Williams’s bedding was not in defendant’s possession. No evidence was adduced to show the defendant was in constructive possession of drugs in Williams’s mattress. There was only one possession offense in this case. This offense occurred at 10:15 a.m. on June 26, 1987, when defendant tried to conceal marijuana when he was arrested. Thus, we find that defendant’s due process rights were not violated. Accordingly, this assignment of error lacks merit.
Accordingly, for the reasons assigned, the conviction and sentence imposed on defendant by the lower court is affirmed.
AFFIRMED.